23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Alex SMITH, Plaintiff-Appellant,
v.
Reginald WILKERSON; William H. Dallman; R.D. Gardner,
Inspector LCI, Defendants-Appellees.
 No. 93-4243.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1994.
 
 1
 Before: KENNEDY and BOGGS, Circuit Judges, and HILLMAN, Senior District Judge.*
 
 ORDER
 
 2
 Alex Smith, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Smith sued the director of the Department of Corrections and Rehabilitation, the warden at the Lebanon Correctional Institution (LCI), an LCI inspector, and a correctional officer, alleging that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to equal protection when an LCI correctional officer subjected him to harassment because of his race. Smith did not specify the capacity in which he sued the defendants. The magistrate judge filed a report recommending that the district court grant the defendants' motion to dismiss the complaint for failure to state a claim. Over Smith's objections, the district court adopted the magistrate's recommendation and dismissed the complaint. Smith has filed a timely appeal. The defendants have submitted a letter to the court indicating that they will not be filing a brief.
 
 
 4
 Upon review, we affirm the district court's judgment. Even if we accept Smith's allegations as true, Smith undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). Occasional or sporadic use of racial slurs does not rise to the level of a violation of constitutional magnitude. See, e.g., Torres v. County of Oakland, 758 F.2d 147, 152 (6th Cir.1985). Moreover, respondeat superior liability is not applicable to Sec. 1983 actions. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978); Walton v. City of Southfield, 995 F.2d 1331, 1340 (6th Cir.1993). In addition, a prison official's alleged failure to adequately investigate claims of racial harassment does not rise to the level of "encouragement" that would make the official liable for harassment by a subordinate. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior U.S. District Judge for the Western District of Michigan, sitting by designation